**In re FLORIDA EAST COAST RY. CO.**
**ATLANTIC COAST LINE R. CO. v. ST.**
**JOE PAPER CO. et al.**

**No. 14212.**

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1953.

Edward W. Bourne, New York City, Charles Cook Howell, Wilmington, N. C., Charles Cook Howell, Jr., Jacksonville, Fla., for appellant.

Miller Walton, John E. Cicero, Acting City Atty., Miami, Fla., Clifton S. Thomson, New York City, H. P. Osborne, Jacksonville, Fla., Howard P. Macfarlane, Tampa, Fla., Chester Bedell, Cyril C. Copp, Giles J. Patterson, Henry P. Adair and Clarence G. Ashby, Jacksonville, Fla., Donald Russell, Spartanburg, S. C., for appellees.

J. Turner Butler, Jacksonville, Fla., and Fred N. Oliver and Willard P. Scott, New York City, for the Lynch Interests.

Russell L. Frink, Jacksonville, Fla., for debtor's trustees.

Before HUTCHESON, Chief Judge, and HOLMES, BORAH, RUSSELL, and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from an order [1] authorizing the trustees of the property of the debtor to purchase 2464 shares of the capital stock of Fruit Growers Express Company is ancillary to, and was submitted with,

1. "1. The Trustees are authorized and directed to subscribe for and purchase and acquire 2464 shares of capital stock of Fruit Growers Express Company, a corporation, of par value of $100 per share, and pay therefor out of funds in their hands as Trustees the sum of $246,400 cash, being $100 per share. The title to said stock shall be taken in the name of Florida East Coast Railway Company.

"2. The funds hereby authorized to be expended by the Trustees for purchase of said stock in the amount of $246,400 shall when expended be deemed

to have been advanced by and for the account of the holders of the First and Refunding Mortgage bonds of Florida East Coast Railway Company who shall be reimbursed therefor, and to secure such reimbursement said holders of said First and Refunding Mortgage bonds shall have and they are hereby given a lien upon the cash and property of the debtor corporation to the extent of the sum of $246,400 so advanced and expended for the purpose mentioned in this Order, which lien shall be subject only to the lien of the mortgage securing the

the appeal in No. 14163 on the docket of this court 201 F.2d 325. It attacks, as improvident and unauthorized and an invasion of the province of the commission in a Section 77 reorganization proceeding, the provision in its second paragraph creating a lien in favor of the 5 percent bondholders "which * * * shall be superior to any interest in the property acquired through reorganization."

Insisting that the complained of provision was improvidently inserted in the order, and, if given the effect ascribed to it in the opinion [2] of the district court, made the basis of its judgment in No. 14163, supra, it will, in an unwarranted and unlawful manner, interfere with the statutory authority of the commission, appellant seeks a reversal of the order to the extent of striking its second paragraph.

The appellees, pointing out that other orders of substantially the same import have been entered in the cause and that in the fourth plan the commission has taken cognizance of, and made provision with respect to, them, insists that none of appellant's objections to the order are well taken, and that it should be affirmed.

Because appellant's attack upon the order seems to be based more upon the construction which it claims was in effect given to it by the trial judge in his opinion in the main case, than upon the language of the order itself, we have experienced great difficulty in determining just what appellant thinks is before us for decision on this appeal.

We are certain, though, that the complained of opinion in the main case is in no manner presented here for our review and as certain that the meaning and effect of the order must be determined from its own language and may not be enlarged or restricted by anything said or left unsaid in that opinion.

We have, therefore, confined our examination to the language of the complained of provision of the order in the light of the fact that the commission has apparently not found similar orders in obstruction to, or interference with, its adequate functioning. So examining them, we have found nothing in the language of paragraph 2 which can be fairly construed as constituting, or intended to constitute, an invasion of the province of the commission. Indeed, we think it plain that the order intended to provide, and it does provide, no further than to fix a lien in favor of the 5 percent bondholders which shall inure to their benefit by affording them not, as appellant fears will be their claim, a double recovery for a single sum expended, but a single recovery therefor.

Agreeing, as we do, with appellant that the lien could properly provide for only one satisfaction, and finding nothing in the complained of paragraph which affords any basis for appellant's expressed fears and apprehensions that it will enable the 5 percent bondholders to obtain a repayment of the cash advanced and also an additional valuation for the property purchased with that cash, we decline to order the complained of paragraph stricken, and instead order the judgment

Affirmed.

---

debtor's First Mortgage bonds and shall be superior to any interest in the property acquired through reorganization. The court reserves jurisdiction to redetermine the amount of the lien hereby given, if equitable considerations so require, at the time of the final consummation of this reorganization."

2. In re Florida East Coast Railway Co., D.C., 103 F.Supp. 825 at page 839.